FILED
99 JUL 30 PM 4:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 30 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CATHERINE ANN MILLER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Intervenor; ) | |
| ) | CV-63-AR-574-M |
| NATIONAL EDUCATION ) | |
| ASSOCIATION, INC., ) | |
| ) | |
| Plaintiff-Intervenor, ) | |
| v. ) | |
| ) | |
| THE BOARD OF EDUCATION OF ) | |
| GADSDEN, ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

On July 15, 1999, the court entered an order to show cause why the Alabama Board of Education ("ABOE") should not be made a party and required to state its position on the issues pending in the above-styled action. Responses having been filed, and for the reasons set forth, *infra*, the court is in agreement with plaintiff-intervenor United States of America and determines that ABOE is an indispensable party under Fed.R.Civ.P. 19(a)(1) and must be joined as a defendant in the present action.

Because ABOE has assumed management and control of

352

Litchfield High School pursuant to its authority under Ala.Code § 16-6B-3 (1975), ABOE is "required to intervene and to appoint a person or persons to run the day-to-day operation of the school." *Id.* In its July 22, 1999 brief, ABOE contends that the day-to-day operations of Litchfield High School will remain under the policies and administration of the Gadsden Board of Education (GBOE), and that ABOE does not "anticipate" taking actions which would implicate the issues of desegregation which are central to the current litigation. Nevertheless, ABOE's non-binding contentions do not limit its statutory authority or obligations under Alabama law, and ABOE might later determine or be statutorily required to take actions it does not presently "anticipate."

Rule 19(a)(1) defines a party as "indispensable" when, "in the person's absence complete relief cannot be accorded among those already parties." It is entirely possible, in theory at least, that this court could order injunctive relief against GBOE which GBOE would be powerless to implement with regard to Litchfield High School, because ABOE retains statutory power to override GBOE's decisions, policies, or actions regarding "day-to-day operations" at that one school. The court therefore finds that in ABOE's absence, complete relief cannot be accorded among those already parties. Consequently, Rule 19 requires that ABOE be made a party, unless reasons exist why it may not be subject

to the jurisdiction of this court.  The court finds no such reasons.  ABOE, an agency of the State of Alabama, does not enjoy Eleventh Amendment immunity under the present circumstances, because this action involves only the possibility of prospective injunctive relief, from which ABOE is not immune in federal court.  Neither has ABOE asserted any additional jurisdictional grounds why it may not be made a party.

Accordingly, the court hereby determines that ABOE shall be joined as a defendant in the present action.  A separate and appropriate order will be entered.

DONE this __30th__ day of July, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE